UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

RANY SMITH

Case Number. 8:17-cr-566-T-36JSS
USM Number: 63307-018

Stephen A. Leal, Retained

## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Counts One and Two of the Information. Defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Mail and Wire Fraud | Beginning on an unknown date and concluding May 2017 | One |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | On or about October 28, 2016 | Two |

Defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

March 7, 2018

*Charlene Edwards Honeywell*
CHARLENE EDWARDS HONEYWELL
UNITED STATES DISTRICT JUDGE

March __7__, 2018

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Rany Smith
8:17-cr-566-T-36JSS

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 45 MONTHS. This term consists of terms of 21 months on Count One and a consecutive term of 24 months on Count Two. The terms of imprisonment imposed by this Judgment shall run consecutive to Defendant's term of imprisonment imposed pursuant to the Judgment in Docket Number 8:17-cr-137-T-36TBM, United States District Court, Middle District of Florida, Tampa Division.

Defendant is remanded to the custody of the United States Marshal.

The Court makes the following recommendations to the Bureau of Prisons:

1. Defendant be incarcerated at the closest correctional facility with the appropriate security level to FPC Pensacola as his first choice, FCI Miami as his second choice and FCC Butner as his third choice.
2. Defendant be considered for the 500 Hour Residential Drug Abuse Program (RDAP), if eligible.
3. Defendant be allowed to participate in vocational training in the areas of auto mechanics and culinary.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Rany Smith
8:17-cr-566-T-36JSS

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant shall be on supervised release for a term of 3 YEARS. This term consists of a 3 year term as to Count One and a 1 year term as to Count Two, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. Defendant shall cooperate in the collection of DNA, as directed by the probation officer.
5. The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the Court orders Defendant to submit to random drug testing not to exceed 104 tests per year

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the attached pages).

Defendant shall also comply with the additional conditions on the attached page.

AO 245B (Rev. 09/17) Judgment in a Criminal Case

# STANDARD CONDITIONS OF SUPERVISION

As part of Defendant's supervised release, Defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for Defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in Defendant's conduct and condition.

1. Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of Defendant's release from imprisonment, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.
3. Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer.
4. Defendant must answer truthfully the questions asked by Defendant's probation officer
5. Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about Defendant's living arrangements (such as the people Defendant lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. Defendant must allow the probation officer to visit Defendant at any time at Defendant's home or elsewhere, and Defendant must permit the probation officer to take any items prohibited by the conditions of Defendant's supervision that the probation officer observes in plain view.
7. Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. Defendant must not communicate or interact with anyone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.
10. Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that Defendant poses a risk to another person (including an organization), the probation officer may require Defendant to notify the person about the risk and Defendant must comply with that instruction. The probation officer may contact the person and confirm that Defendant has notified the person about the risk.
13. Defendant must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO 245B (Rev. 09/17) Judgment in a Criminal Case

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall submit to a search of his person, residence, place of business, any storage units under his control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

2. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating himself for any major purchases, without approval of the probation officer.

3. Defendant shall provide the probation officer access to any requested financial information.

4. Defendant shall refrain from engaging in any employment with access to personal identifying information. Additionally, if employed, Defendant shall use his legal name only.

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $200.00 | N/A | WAIVED | $41,332.67 |

Defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(l), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss** | Restitution Ordered |
|---|---|---|
| Clerk, U.S. District Court<br>ATTN: DCU<br>401 W Central Boulevard<br>Suite 1200<br>Orlando, Florida 32801<br><br>for the benefit of: | | |
| Purple Square Management Company<br>18147 US 19 North<br>Clearwater, FL 33764 | 19,608.56 | $19,608.56 |
| Comenity Bank<br>P.O. Box 182273<br>Columbus, OH 43218 | 21,724.11 | $21,724.11 |

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/17) Judgment in a Criminal Case

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

Defendant shall pay restitution in the amount of $19,608.56 to Purple Square Management Company, 18147 US 19 North, Clearwater, Florida 33764, and $21,724.11 to Comenity Bank at P.O. Box 182273, Columbus, Ohio 43218. This restitution obligation shall be paid to the Clerk, U.S. District Court, for distribution to the victims. While in the Bureau of Prisons custody, Defendant shall either (1) pay at least $25 quarterly if Defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if Defendant has a Unicor job. Upon release from custody, Defendant shall pay restitution at the rate of $100.00 per month. At any time during the course of post-release supervision, the victim, Government, or Defendant may notify the Court of a material change in Defendant's ability to pay and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

## FORFEITURE

The Order of Forfeiture (Doc. 20) entered on March 6, 2018, shall be incorporated in this Judgment.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 09/17) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:17-cr-566-T-36JSS

RANY SMITH,
a/k/a "ABDELMAJID WAHBI"

## ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the United States of America's Motion for Order of Forfeiture (Doc. 17), filed on February 9, 2018 against the Defendant in the amount of $93,586.56.

Being fully advised of the relevant facts, the Court hereby finds that at least $93,586.56 was obtained by the Defendant from his participation in the conspiracy to commit mail fraud and wire fraud, for which he pleaded guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States of America's Motion for Order of Forfeiture (Doc. 17) is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Defendant shall be held personally liable for an order of forfeiture in the amount of $93,586.56.

It is FURTHER ORDERED that, because the $93,586.56 in proceeds was dissipated by the Defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, forfeiture of any of the Defendant's property up to the value of $93,586.56.

It is FURTHER ORDERED that, upon entry, this order shall become a final order of forfeiture as to the Defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the order of forfeiture.

DONE and ORDERED in Tampa, Florida, this <u>6th</u> day of March, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Suzanne C. Nebesky, AUSA
Counsel of Record

2